# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PAUL ALEXANDER HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-1776-DFH-TAB |
| | ) | |
| DAVID PARKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Amended Complaint

For the reasons explained in this Entry, the amended complaint filed with the clerk on February 15, 2008, fails to state a claim upon which relief can be granted as to J. Evans, J. Ramer, B. Johnson and S. Sykes (collectively "the newly-added defendants") and, as to such defendants, must be dismissed.

## I. Background

As explained in the Entry of June 27, 2008, one of the two immediate tasks before the court in this civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), is to screen the amended complaint in the manner required by 28 U.S.C. § 1915A. This statute requires the court to dismiss the complaint or any claim within the complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The amended complaint was permitted as a matter of pleading, but has had no practical effect in the case. The court now screens the amended complaint. For the reasons explained in this Entry the amended complaint fails to state a claim upon which relief can be granted as to the putative new defendants.

Paul Hodge is a federal prisoner confined at the United States Penitentiary at Terre Haute, Indiana ("USPTH"), a prison operated by the Federal Bureau of Prisons ("BOP"). He alleges that the original defendant, David Parker, and the putative new defendants, violated his Eighth Amendment right to be free from the infliction of cruel and unusual punishment by failing to protect him from being attacked by a fellow inmate at the USPTH on November 26, 2003. The claim against Parker has progressed to the point that the motion for summary judgment filed by this defendant is fully briefed. This Entry, however, addresses the amended complaint insofar as claims are asserted against newly-added defendants under the standard and process prescribed by 28 U.S.C. § 1915A.

## II. Discussion

The plaintiff's claim is based on an incident he alleges to have occurred on November 26, 2003, just five days after he had arrived at the USPTH. His amended complaint was signed on February 12, 2008, more than four years after that incident. Importantly, here, there is no indication from the amended complaint that the newly-added defendants were on notice of the claims against them. The question to be confronted, therefore, is whether his claims against the newly-added defendants are viable in light of the time at which they were first asserted in this lawsuit. The court is compelled to conclude that the claims have not been timely asserted and that they must, therefore, be dismissed. This conclusion rests on a few straightforward circumstances:

! *First,* a *Bivens* action brought in Indiana is subject to Indiana's 2-year statute of limitations for personal injury actions. *King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 914 (7th Cir. 2000); *Loy v. Clamme,* 804 F.2d 405, 408 (7th Cir. 1986).

! *Second,* a claim accrues when the plaintiff knows both the existence and the cause of his injury. *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993). In this case, therefore, Hodge's claim accrued when he was assaulted at the USPTH. *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998)("[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action").

! *Third,* a complaint filed by a prisoner must be dismissed pursuant to 28 U.S.C. § 1915A(b) if it fails to state a claim upon which relief can be granted. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

! *Fourth,* the statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993). This rule is applicable to the screening of a complaint required by 28 U.S.C. § 1915A. *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005); *see also Jones v. Bock,* 127 S. Ct. 910, 920-21 (2007) (recognizing that "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract"). "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).

! *Fifth,* Rule 15(c)(3) of the *Federal Rules of Civil Procedure* permits a plaintiff to amend his complaint by adding parties "where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir. 1993). It is clear that the newly-added defendants were not named in the original complaint. *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005)(even a *pro se* prisoner's complaint must comply with *Fed.R.Civ.P.* 10(a) and include the names of all parties in the title of the action; one cannot become a party without being

2

named and served, and without becoming a party, one cannot defend). Claims against the newly-added defendants in the amended complaint were asserted for the first time more than two (2) years after the statute of limitations expired in November 2005. The claims against the newly-added defendants do not "relate back" to the filing of the original complaint on November 23, 2005–a scant three days before the statute of limitations expired–pursuant to Rule 15(c).[1] This is illustrated by various decisions. In *Delgado-Brunet v. Clark,* 93 F.3d 339 (7th Cir. 1996), a prisoner sought to file an amended complaint beyond the statute of limitations naming as new parties two prison officials in a case filed under *Bivens.* The court held that the amended complaint did not relate back to the filing of the original complaint, and so was barred by the statute of limitations. In *Moore v. Indiana,* 999 F.2d 1125 (7th Cir. 1993), the plaintiff did not request leave to amend his complaint to add defendants until after the statute of limitations had expired. The court held that where the defendants added by the amended complaint were not on notice of the claim against them, the amended complaint does not relate back to the original complaint. *Id.* at 1130. Rule 15(c) "does not permit relation back where, as here, there is a lack of knowledge of the proper party." *Delgado-Brunet,* 93 F.3d at 344 (internal quotation omitted). A person not named or served in the original complaint may not be added in an amended complaint filed after the statute of limitations has run. *Wood v. Worachek,* 618 F.2d 1225 (7th Cir. 1980).

The viability of the foregoing was renewed in *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005)–a *Bivens* case in which Indiana's 2-year statute of limitations was applied and in which the district court's dismissal of an amended complaint pursuant to 28 U.S.C. § 1915A(b) based on the untimeliness of claims against newly-added defendants was affirmed on appeal. In *Myles*, the plaintiff permitted the statute of limitations to bar his *Bivens* claim because he first sued only the United States pursuant to the Federal Tort Claims Act. The Court of Appeals explained that the dismissal of the untimely claim was proper because "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles,* 416 F.3d at 552. The Court of Appeals for the Seventh Circuit has "consistently held that Rule 15(c)(3) does not provide for relation back under circumstances . . . in which the plaintiff fails to identify the proper party." *King v. One Unknown Fed. Corr'l. Officer,* 201 F.3d 910, 914 (7th Cir. 2000). Here, Hodge may have initially made an error in discerning the identity of the proper parties. The opportunity to overcome this possible error was likely diminished by Hodge waiting until all but three days of the statute of limitations had passed, but the newly-added defendants are not chargeable with knowledge of the mistake. The relation back provision of Rule 15(c)(3) applies only

---

[1]Rule 15(c) was amended in 1991 to provide that relation back is permitted not only if the claim or defense in the amended pleading arises out of the same conduct transaction or occurrence as the original pleading, but also if the law that supplies the statute of limitations would authorize relation back. Indiana law provides that after the limitations period has run, a plaintiff may add new defendants only by showing that the amendment relates back to the original complaint, *Moore v. State of Indiana,* 999 F.2d 1125, 1130 (7th Cir. 1993)(citing *Hupp v. Hill,* 576 N.E.2d 1320, 1327 (Ind.Ct.App. 1991)), so analysis of this amended complaint, as to claims against the newly-added defendants, must be based on a straightforward application of Rule 15(c)(2) and (3).

where the newly-added defendant "is chargeable with knowledge of the mistake" relating to the misidentification of the intended defendant, *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998), and that is not the case here.

### III. Conclusion

Although the requirements of notice pleading are minimal, Hodge has pled himself out of court with respect to the claims against the newly-added defendants. Accordingly, the dismissal of the amended complaint as to such defendants is required, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). As to the newly-added defendants, therefore, the amended complaint is dismissed for failure to state a claim upon which relief can be granted.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   7/22/2008

Distribution:

Erin Reilly Lewis
UNITED STATES ATTORNEY'S OFFICE
erin.lewis@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Paul Alexander Hodge
#63240-061
Federal Correctional Institution
P. O. Box 33
Terre Haute, IN 47808