**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| PAUL ALEXANDER HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-1776-DFH-TAB |
| | ) | |
| DAVID PARKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary**
**Judgment and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the motion for summary judgment of defendant David Parker ("Parker") must be **granted.** Because this ruling resolves all claims against all parties, final judgment in this action shall also be issued.

**I. Background**

Plaintiff Paul Hodge ("Hodge") is confined at the United States Penitentiary at Terre Haute, Indiana ("USPTH"), which is a prison operated by the Federal Bureau of Prisons ("BOP"). At all times pertinent to his claims in this action, he was a convicted inmate in the custody of the BOP. In his complaint filed on November 23, 2005, Hodge alleges that the defendant violated his Eighth Amendment right to be free from the infliction of cruel and unusual punishment by failing to protect him from being attacked by a fellow inmate at the USPTH on November 26, 2003. The claims in that complaint proceeded only as to Parker, with claims against other defendants being dismissed as legally insufficient pursuant to 28 U.S.C. § 1915A(b). Claims against putative new defendants asserted in an amended complaint have likewise been found insufficient to proceed.

The original claim against Parker is renewed in the amended complaint. Parker seeks resolution of that claim through the entry of summary judgment.

**II. Summary Judgment Standard**

Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This occurs when, reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact that must be decided by a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252-55 (1986). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "'A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Springer v. Durflinger,* 518 F.3d 479, 483 (7th

Cir. 2008)(quoting *Sides v. City of Champaign,* 496 F.3d 820, 826 (7th Cir. 2007), and *Brummett v. Sinclair Broad. Group, Inc.,* 414 F.3d 686, 692 (7th Cir. 2005)).

The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). The means by which this is accomplished is by "pierc[ing] the pleadings and . . . assess[ing] the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

"When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 248).

Because Hodge is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), was issued. Through this notice, Hodge was notified of the nature of the defendants' motion, of the proper manner in which to respond and of the consequences of failing to respond. He has responded with a narrative account and argument, as well as submitting various materials produced by Parker in response to discovery which has been conducted.

### III.  Discussion

Hodge's claim is asserted pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). The court has jurisdiction over such claims through 28 U.S.C. § 1331. To maintain an action under 28 U.S.C. § 1331, the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Because *Bivens* creates a remedy, not a substantive right, *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials"), this same inquiry governs a claim asserted pursuant to *Bivens.*

Whether a constitutional violation has occurred can only be determined by applying the standards applicable to that particular constitutional provision. *See Graham v. Connor*,

490 U.S. 386, 394 (1989). Because Hodge is a prisoner and unable to provide for his own safety, the BOP bears that responsibility. *Helling v. McKinney,* 509 U.S. 25, 31 (1993)("[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs--e.g., food, clothing, shelter, medical care, and reasonable safety--it transgresses the substantive limits on state action set by the Eighth Amendment . . . .")(quoting *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 199-200 (1989)).

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 831-33 (1994); see also *Washington v. LaPorte County Sheriff's Dep't,* 306 F.3d 515, 517 (7th Cir. 2002). *Langston v. Peters,* 100 F.3d 1235, 1237 (7th Cir. 1996). Prison authorities had a duty to protect Hodge "from violence at the hands of other inmates." *Washington v. LaPorte County Sheriff's Dep't,* 306 F.3d 515, 517 (7th Cir. 2002). However, "not every injury within a prison is an Eighth Amendment violation." *Id.; see also Haley v. Gross,* 86 F.3d 630, 640 (7th Cir. 1996).

Failure to provide protection violates the Eighth Amendment's prohibition of cruel and unusual punishment only if "deliberate indifference by prison officials [to the prisoner's welfare] effectively condones the attack by allowing it to happen[.]" *Haley,* 86 F.3d at 640. Thus, in order to sustain his claim, Hodge must demonstrate that Parker had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from [Parker's] failure to prevent it." *McGill v. Duckworth,* 944 F.2d 344, 348 (7th Cir. 1991). It is not enough that a reasonable prison official would or should have known that the prisoner was at risk: the official must actually know of and disregard the risk to incur culpability. *Farmer,* 511 U.S. at 837-38. The defendant must have acted with the equivalent of criminal recklessness. *Farmer,* 511 U.S. at 836-37; *Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 765 (7th Cir. 2002). "The test of deliberate indifference ensures that the mere failure of the prison official to choose the best course of action does not amount to a constitutional violation." *Id.* (citing *Farmer,* 511 U.S. at 844).

As a corollary to the requirement of deliberate indifference in this setting, to be liable in a *Bivens* claim, a defendant must have been personally involved in the deprivation of a constitutional right, and a causal connection between that involvement and the deprivation must be shown. *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986); see also *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994)(in general, the individual participation requirement for *Bivens* actions parallels the requirement for § 1983). An official satisfies the personal responsibility requirement of section 1983 if he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)(citing *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir. 1982)).

In this case, Parker has filed a properly supported motion for summary judgment. Consequently, to survive this motion, Hodge is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of various constitutional violations. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

In November 2003, Parker was working as a Correctional Counselor at the USPTH. When Hodge first arrived at the USPTH, he underwent an intake "screening" to determine, among other things, his proper housing assignment. It was determined through this process that Hodge would be assigned to the J Unit. Parker, however, did not conduct the intake screening and was not responsible for or involved with Hodge's housing assignment at the USPTH in November 2003. Parker's knowledge of the events described in the complaint and of the circumstances which produced those events, including the assault on Hodge, comes from having been asked to conduct, and actually conducting, a review of the central files of both Hodge and of the inmate who assaulted Hodge on November 26, 2003. This occurred after Hodge had been assaulted.

Parker had no knowledge of Hodge or of any danger Hodge may have faced prior to the assault on November 26, 2003. Hodge argues that Parker is liable because he was part of a "team" of prison staff and that there can be collective responsibility for the harm Hodge has suffered. This is not the case, however, because it takes more than proximity to wrongdoing to support liability in a civil rights action. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992). As explained above, liability in a *Bivens* action such as this must be predicated on the defendant's actual knowledge and disregard of the risk. Hodge also speculates that it was Parker who conducted the screening and made the assignment, but he offers no evidence in support of this claim. Even if this had been done under oath, which it was not, it would not be sufficient to stave off summary judgment. "Memorializing mere speculation in the form of an affidavit does not convert the speculation into competent evidence," *Gonzalez v. Litscher,* 230 F.Supp.2d 950, 962 (W.D.Wis. 2002), for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990).

Hodge also suggests that this is an extraordinary case and that justice requires a trial. A trial is only required, however, if there is genuine dispute for resolution. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). Hodge also makes reference to the possibility of continuing the briefing on the motion for summary judgment pursuant to Rule 56(f) to to permit him to conduct additional discovery. *Farmer v. Brennan,* 81 F.3d 1444, 1449 (7th Cir. 1996) ("When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f)."). His allusion to Rule 56(f), even if treated as a request to invoke its provisions, falls short in both form and substance. A Rule 56(f) motion must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit. FED. R. CIV. P. 56(f); *Grayson v. O'Neill,* 308 F.3d 808, 816 (7th Cir. 2002)(citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000)). Here again, Hodge offers only his speculation that more information might be uncovered. He does not show the relevance of that information to his claim against Parker and does not show how acquiring this information would permit him to withstand Parker's motion for summary judgment. Finally, to the extent that Hodge suggests that Parker's discovery responses, which Hodge himself has submitted in opposition to the motion for summary judgment, are contradictory or implicate Parker in the intake screening or housing assignment, Hodge is not correct. Those materials are in fact consistent with the information set forth in Parker's sworn declaration.

As explained above, therefore, Parker is not liable to Hodge for the assault Hodge suffered on November 26, 2003, because Parker had no personal involvement in that incident and no other basis for his liability exists. Hodge has not shown otherwise, and he cannot meet his burden as the non-movant with respect to Parker's motion for summary judgment by creating some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. See *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994); see also *Patterson v. Chicago Ass'n for Retarded Citizens,* 150 F.3d 719, 724 (7th Cir. 1998) (stating that plaintiff's speculation is "not a sufficient defense to a summary judgment motion").

## IV. Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 523 U.S. 574, 600 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed, "it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir. 1983).

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley,* 482 U.S. 78, 84 (1987). However, the evidentiary record in this case negates the presence of deliberate indifference on the part of Parker. Parker is therefore entitled to the entry of summary judgment. *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (on summary judgment, "a complete failure of proof concerning an essential element of the [non-movant's] case necessarily renders all other facts immaterial") (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).

The resolution of Hodge's claim against Parker reached in this Entry completes the resolution of all claims against all parties.[1] Final judgment consistent with this Entry and with any pertinent prior ruling shall now issue. The costs of this action are assessed against Hodge.

So ordered.

_David F. Hamilton_
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   8/8/2008

---

[1] Hodge's request to be supplied with a copy of the docket sheet (dkt 96) is **granted.** The clerk shall include a copy of the docket sheet with Hodge's copy of this Entry.